NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL NARDUCCI | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| vs. | |
| | Civil Action No.10-CV-00955 (DMC)(JAD) |
| AEGON USA, INC., LIFE INSURANCE COMPANY OF NORTH AMERICA, CIGNA GROUP INSURANCE INC., AND JOHN DOE, 1-5, NAME BEING FICTITOUS AND UNKNOWN | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon motion by AEGON USA, LLC [1] ("AEGON") to dismiss the Complaint and by Life Insurance Company of North America[2] ("LINA") to dismiss the Complaint in part pursuant to Fed. R. Civ. P. 12(b)(6). AEGON and LINA also move to strike the jury demand pursuant to Fed. R. Civ. P. 12(f). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendants' motions to dismiss and to strike the jury demand are **granted**.

---

[1] AEGON USA, LLC was incorrectly named in the complaint as AEGON USA, Inc.

[2] According to LINA's brief, though CIGNA Group Insurance was named as a defendant it is a registered service mark and not a separate legal entity. LINA is the proper the defendant.

I.      Background[3]

Plaintiff Daniel Narducci ("Plaintiff") was an employee of Monumental Life Insurance. Through his employment, Plaintiff was offered Long-Term Disability ("LTD") coverage. AEGON served as the plan administrator of the LTD plan. LINA, a CIGNA Insurance Company ("CIGNA"), served as the claims administrator.

In June of 2006, Plaintiff became disabled by manifestations of his arteriovenous malformation condition. Plaintiff was unable to walk properly or without assistance, and was unable to carry out his duties as sales manager. From June 2006 until September 2008, Plaintiff received disability benefits under the LTD plan. In September 2008, Plaintiff's benefits were terminated. Plaintiff alleges that LINA and CIGNA unilaterally, and wrongfully, terminated his benefits based on their determination that he was no longer disabled.

In January 2010, Plaintiff filed suit in New Jersey Superior Court against AEGON, LINA, and CIGNA (collectively "Defendants") alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA") §502(a). Plaintiff is seeking an order directing immediate and permanent reinstatement of his disability benefits, attorney's fees, statutory interest, and other costs. Plaintiff is also seeking an assessment of civil penalties under §502(c) of ERISA for Defendants' alleged failure to provide Plaintiff with plan documents.

AEGON removed the case to federal court. AEGON and LINA subsequently filed a motion to dismiss and a motion to dismiss in part, respectively, as well as motions to strike the jury demand. These motions are unopposed.

---

[3] These facts have been taken from the parties' respective submissions.

**II.     Legal Standard**

A. Rule 12(b)(6)

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).  Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. 550 U.S. at 555.

In deciding a Rule 12(b)(6) motion to dismiss, the district court may consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004).  If a document is "'integral to or explicitly relied upon in the complaint'" it forms the basis of a claim.  Id. (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997)).  "The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document." Id.  By relying on the document to form the basis of a

claim, "the plaintiff is on notice that the document will be considered." District courts may also consider "undisputedly authentic documents attached to a motion to dismiss." Delaware Nation v. Pennsylvania, 446 F.3d 410, 413 n.2 (3d Cir. 2006).

B. Rule 12(f)

Fed. R. Civ. P. 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

### III. Discussion

A. Count One as to AEGON

In Count One, Plaintiff alleges that he was wrongfully denied benefits under the terms of the LTD plan and disability insurance coverage. Count One must be dismissed as to AEGON because AEGON is not a proper defendant and because Plaintiff has not alleged facts sufficient to state a claim for relief against AEGON that is plausible on its face.

"In a claim for wrongful denial of benefits under ERISA, the proper defendant is the plan itself or a person who controls the administration of benefits under the plan." Evans v. Employee Benefit Plan, Camp Dresser & McKee, Inc., 311 Fed. Appx. 556, 558 (3d Cir. 2009). "Exercising control over the administration of benefits is the defining feature of the proper defendant." Id.

In Evans, the plaintiff sued her former employer and the insurance company that administered the disability insurance plan. Id. at 557-58. Although the employer was identified as the plan administrator, the plan document made clear that the insurance company had discretion to interpret the plan's terms, and there was no evidence that the employer had any role in benefit determinations. Id. at 558-59. The Third Circuit affirmed the district court's ruling

that the employer, despite being named as plan administrator in the plan document, "was not responsible for administering benefits or determining eligibility, and therefore [was] not a proper defendant." Id. at 558-59.

Here, like in Evans, Plaintiff filed a claim against AEGON, as plan administrator, for denial of benefits under the LTD plan. Although not attached to Plaintiff's complaint, this Court can review the LTD plan document because it forms the basis for Plaintiff's claims. See Lum, 361 F.3d at 222, n.3. A review of the LTD plan shows that AEGON is listed as the plan administrator. AEGON Brief, Ex. B. Although AEGON is plan administrator, it is the insurer and claims administrator who have "the *sole and complete discretionary authority* to make all factual determinations regarding benefits and to determine benefits due under the Plan." Id. (emphasis added). LINA is the insurer and claims administrator.[4] Since AEGON has no role in determining benefits under the LTD plan, AEGON is not a proper defendant. See Evans, 311 Fed. Appx. at 558-59. Furthermore, even if AEGON were a proper defendant, Plaintiff has not alleged that AEGON was under any obligation to pay or responsible for terminating Plaintiff's benefits,[5] and therefore Plaintiff did not allege facts sufficient to state a plausible claim for relief.

B. Count Two

In Count Two, Plaintiff alleges Defendants failed to provide him with the plan documents

---

[4]The plan document lists CIGNA as the claims administrator. However, LINA is a CIGNA Company, and LINA has represented to this Court that LINA is the claims administrator. For the purposes of AEGON's motion to dismiss Claim 1, the division between LINA and CIGNA is irrelevant.

[5]Plaintiff alleges that the "disability insurance coverage [was] with CIGNA ... [and] [c]laims were administered by [LINA]," and that "CIGNA and [LINA] unilaterally, arbitrarily, and wrongfully decided to terminate [Plaintiff's] disability benefits." Compl. Count One ¶¶ 1, 4.

he requested. Plaintiff seeks ERISA penalties of $100 for each day Defendants have failed to provide the plan documents. Count Two must be dismissed because Plaintiff fails to state a claim for which relief may be granted.

> Section 502(c) of ERISA, 29 U.S.C. 1132(c)(1) provides in relevant part:
>
> Any administrator ... who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary... by mailing the material requested to the last known address of the requesting participant or beneficiary *within 30 days* after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.
>
> (Emphasis added).

Therefore, in order for Plaintiff to make a claim for a civil penalty, he must allege that (1) he made a request to the plan administrator, (2) the plan administrator was required to provide the requested material, and (3) the plan administrator failed to mail the requested material within thirty (30) days of the request.

The statutory definition of "plan administrator" applies to § 502(c) of ERISA. See Groves v. Modified Ret. Plan for Hourly Paid Employees of Johns Manville Corp., 803 F.2d 109, 116 (3d Cir. 1986). Under ERISA, a plan administrator is defined as:

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated;
> (ii) if an administrator is not so designated, the plan sponsor;[6] or
> (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

---

[6] A "plan sponsor" is defined as "the employer in the case of an employee benefit plan established or maintained by a single employer." 29 U.S.C. § 1002(16)(B)(i).

29 U.S.C. § 1002(16)(A).

Here, Plaintiff has alleged that AEGON is the plan administrator, and that he requested the plan documents. However, Plaintiff has not alleged that the plan administrator failed to provide the requested material within thirty (30) days. Even if Plaintiff were to amend his complaint, he would not be able to make this allegation in good faith. Plaintiff requested the plan documents from AEGON via a letter dated January 20, 2010.[7] Plaintiff filed the complaint in this case in New Jersey Superior Court on January 25, 2010. Clearly the requisite thirty days had not yet passed, and any claim by Plaintiff for civil penalties was premature. Furthermore, AEGON sent the requested plan documents to Plaintiff on January 28, 2010, eight (8) days after Plaintiff's request and well within the thirty (30) day requirement.

LINA is the claims administrator.[8] Since LINA is not the plan administrator, LINA cannot be liable under §502(c) of ERISA for the civil penalties sought by Plaintiff.

C. Jury Demand

Plaintiff demanded a trial by jury for all issues. Only Claim One, which is based on §502(a) of ERISA, survives this motion to dismiss. The Third Circuit has held that claims under § 502(a) of ERISA are equitable in nature, and thus there is no constitutional right to a jury trial. See e.g. Pane v. RCA Corp., 868 F.2d 631, 636-37 (3d Cir. 1989). Therefore, it is proper for this Court to strike Plaintiff's demand for a jury trial pursuant to Fed. R. Civ. P. 12(f). See Killian v.

---

[7] Although the January 20, 2010 request was not attached to Plaintiff's complaint, this Court can consider the request because it's "integral to" his claim in Count Two. See Lum, 361 F.3d at 222, n3.

[8] Plaintiff did not allege LINA was the plan administrator. A review of the summary plan description, as well as LINA's brief in support of the instant motion, shows that LINA is the claims administrator.

Johnson, 2008 WL 370533, *3 (D.N.J. Jan. 28, 2008).

**IV. Conclusion**

      For the reasons stated, AEGON's motion to dismiss pursuant to Rule 12(b)(6) is granted with prejudice, LINA's motion to dismiss Count Two pursuant to Rule 12(b)(6) is granted with prejudice, the Defendants' motion to strike the jury demand pursuant to Rule 12(f) is granted.

      S/ Dennis M. Cavanaugh  
      Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | December 15, 2010 |
| Orig.: | Clerk |
| cc: | All Counsel of Record |
| | Hon. Joseph A. Dickson, U.S.M.J. |
| | File |