NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL NARDUCCI | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 10-CV-00955 (DMC-MF) |
| AEGON USA, INC., LIFE INSURANCE COMPANY OF NORTH AMERICA, CIGNA GROUP INSURANCE INC., AND JOHN DOE, 1-5, NAME BEING FICTITOUS AND UNKNOWN, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by AEGON USA, LLC ("AEGON") for attorneys fees and an extension of time to comply with Local Civil Rule 54.2. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that AEGON's motion is **denied**.

**I.     Background**

Plaintiff Daniel Narducci ("Plaintiff") was an employee of Monumental Life Insurance. Through his employment, Plaintiff was offered Long-Term Disability ("LTD") coverage. AEGON served as the plan administrator of the LTD plan. Life Insurance Company of North America ("LINA"), a CIGNA Insurance Company ("CIGNA"), served as the claims administrator.

In June 2006, Plaintiff became disabled by manifestations of his arteriovenous malformation

condition. Plaintiff was unable to walk properly or without assistance, and was unable to carry out his duties as sales manager. From June 2006 until September 2008, Plaintiff received disability benefits under the LTD plan. In September 2008, Plaintiff's benefits were terminated. Plaintiff alleged that LINA and CIGNA unilaterally, and wrongfully, terminated his benefits based on their determination that he was no longer disabled.

Plaintiff requested the plan documents from AEGON via a letter dated January 20, 2010. AEGON sent the requested plan documents to Plaintiff on January 28, 2010, eight (8) days after Plaintiff's request. Plaintiff received these documents on February 1, 2010.

On January 25, 2010, Plaintiff filed suit in New Jersey Superior Court against AEGON, LINA, and CIGNA (collectively "Defendants") alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA") §502(a). Plaintiff sought an order directing immediate and permanent reinstatement of his disability benefits, attorney's fees, statutory interest, and other costs. Plaintiff also sought an assessment of civil penalties under §502(c) of ERISA for AEGON's alleged failure to provide Plaintiff with plan documents within the thirty (30) days as required by statute.

AEGON removed the case to federal court, and subsequently filed a motion to dismiss. Plaintiff did not oppose the motion. While the motion was pending, the parties had a status conference at which time Plaintiff admitted that, after further investigation, it had become apparent that AEGON was not a proper party and agreed AEGON should be dismissed from the case. Plaintiff then submitted a stipulation of dismissal as to AEGON without costs, but the terms of the stipulation were unsatisfactory to AEGON and the stipulation was not entered. This Court granted AEGON's motion, and found that the case should be dismissed because AEGON was not a proper party and Plaintiff had failed to state a claim for relief.

AEGON subsequently filed this motion for attorney's fees pursuant to ERISA § 502(g)(1) and extension of time to comply with Local Civil Rule 54.2.

## II.     **Legal Standard**

The Court's " basic point of reference when considering the award of attorney's fees is the bedrock principle known as the 'American Rule:' Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." Hardt v. Reliance Standard Life Ins. Co., 130 S. Ct. 2149, 2156-57 (2010) (internal citations omitted). ERISA is a statute that allows the award of attorney fees; specifically, ERISA § 502(g)(1) provides, in relevant part, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In order to be eligible for attorney's fees, a "claimant must show some degree of success on the merits." Hardt, 130 S. Ct. at 2158. "A claimant does not satisfy that requirement by achieving 'trivial success on the merits' or a 'purely procedural victory.'" Id.

Once a claimant has satisfied this requirement, and thus becomes eligible for an award of attorney's fees, the Court may consider additional factors in deciding whether or not to exercise its discretion. See id. at fn. 8. These factors include "(1) the offending party's culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney's fees; (3) the deterrent effect of an award of attorney's fees; (4) the benefit conferred upon members of the pension plan as a whole; and (5) the relative merits of the parties' positions." Martorana v. Bd. Trs. Of Steamfitters Local Union 420 Health, Welfare, & Pension Fund, 404 F.3d 797, 804 (3d Cir. 2005). These factors "are not requirements in the sense that a party must demonstrate all of them in order to warrant an award of attorney's fees, but rather they are elements a court must consider in exercising its

discretion." Fields v. Thompson Printing Co., 363 F.3d 259, 275 (3d Cir. 2004).

### III.  Discussion

AEGON has succeeded on the merits.  As addressed in this Court's December 15, 2010 Opinion, AEGON was not a proper party and Plaintiff failed to state claim for relief as to AEGON. Accordingly, this Court finds AEGON is eligible for an award of attorney's fees.  This Court must now address the five factors used in the Third Circuit to determine whether or not this Court, in it's discretion, should in fact award attorney's fees.

1. Bad Faith

This Court does not find Plaintiff acted in bad faith.  Plaintiff had a reasonable basis for naming AEGON as a defendant; the plan documents named AEGON as the plan sponsor, the plan administrator, and the agent for service of process. Additionally, although this Court concluded that Plaintiff would not be able *to amend*, in good faith, Count II of the Complaint because AEGON had clearly provided the required paperwork within the statutory time period, this Court did not find that Plaintiff acted in bad faith by filing the Complaint.  At the time of filing, Plaintiff had not yet received the plan documents from AEGON, and although the claim was premature this Court does not find it was done in bad faith.  Finally, Plaintiff filed no opposition to AEGON's motion to dismiss, and, after further investigation, conceded AEGON should be dismissed.  Therefore, this factor weighs against awarding attorney's fees.

2. Ability to Pay

As to the second factor, this Court finds it would be difficult, if not impossible, for Plaintiff to pay an award of attorney's fees.  Plaintiff's disability benefits were his only source of income, and those benefits were terminated in September 2008, which is the basis for the underlying lawsuit.

This factor weighs against awarding attorney's fees.

      3.  Deterrent Effect

This Court does not find that an award of attorney's fees would have the desired deterrent effect. First, the Court notes that there is no indication that Plaintiff will try to relitigate its claims for disability benefits under this policy against AEGON. More importantly, this Court finds that, based on the facts of this case, an award of attorney's fees may deter plan participants who are already facing financial difficulties from pursuing claims related to ERISA plans. This factor weighs against awarding attorney's fees.

      4.  Benefit upon Plan Participants

With regard to the fourth factor, AEGON argues that the plan participants would benefit because it would encourage AEGON to continue to timely provide documents to participants and it would deter frivolous lawsuits, the cost of which could result in AEGON discontinuing the plan. This Court does not see how an award of attorney's fees would be necessary to ensure AEGON continues to provide documents in a timely fashion, particularly where such timely production is required by statute. This Court recognizes that frivolous lawsuits result in unnecessary costs for plan sponsors. However, given the relative infancy of the case, the lack of discovery, and the lack of opposition from Plaintiff as to AEGON's dismissal, this Court does not agree that the harm to Plaintiff by any award of fees is outweighed by any benefit to the plan participants. At best, this factor is neutral.

      5.  Relative Merits

The Court finds that this factor weighs in favor of awarding attorney's fees. AEGON was not a proper party to this case, and AEGON succeeded on the merits. However, as stated above,

Plaintiff had a reasonable basis for naming AEGON as a defendant, and upon realizing AEGON was not a proper party to the case, Plaintiff did not oppose AEGON's dismissal.

Based on the foregoing analysis, this Court finds that the factors taken as a whole weigh against awarding attorney's fees. Accordingly, AEGON's motion is **denied**.

## IV.     Conclusion

For the foregoing reasons, AEGON's motion for attorneys fees is denied.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        September  29 , 2011
Original:    Clerk's Office
cc:          All Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File